UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE ABIDOG, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>NEW YORK LIFE INSURANCE COMPANY, et al.,<br><br>            Defendants. | Case No. 21-cv-06425-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

Pending before the Court is Plaintiffs' motion to remand. Dkt. No. 12. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiffs filed this action in San Francisco Superior Court on June 1, 2021, against Defendants New York Life Insurance Company, NYLIFE Securities, LLC, and Felix Chu. *See* Dkt. No. 1-1, Ex. A. Plaintiffs allege that Mr. Chu recommended to Plaintiffs—New York Life clients—that they purchase promissory notes issued by his son, Derek Chu. *See id.* at ¶ 22. According to Plaintiffs, both Derek Chu and Felix Chu worked for New York Life and were agents for the company until they were terminated in 2015 and 2019 respectively. *See id.* at ¶¶ 16, 22–23, 30–32. Plaintiffs allege that Derek Chu was engaged in an extensive Ponzi scheme, in which most of the $20 million raised from the sale of the promissory notes was used to pay other investors and to fund Derek Chu and his family's "lavish lifestyles" rather than any legitimate business purpose. *See id.* at ¶ 29. Plaintiffs contend that New York Life and NYLIFE Securities failed to properly supervise Derek Chu and Felix Chu as their agents, and failed to adequately investigate Felix Chu's involvement in the Ponzi scheme. *Id.* at ¶¶ 23–26, 29, 42–61.

1  Based on these facts, Plaintiffs brought several state law causes of action, including fraud, breach of fiduciary duty, and negligence. *Id.* at ¶¶ 191–270. Plaintiffs also included a cause of action for violation of §§ 10(b) and 20(a) of the Securities and Exchange Act and Rule 10b-5 of the Securities and Exchange Commission. *See id.* at ¶¶ 271–75. Defendants then removed this action on August 19, 2021, based on federal question jurisdiction under 28 U.S.C. § 1441(c)(1). *See* Dkt. No. 1. The next day, on August 20, Plaintiffs amended the complaint and removed the cause of action for violation of federal securities law. *See* Dkt. No. 7. The case now only consists of state law claims, and Plaintiffs move to remand the case back to state court. Dkt. No. 12.

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions "arising under" federal law. *See* 28 U.S.C. § 1331. And as relevant here, a case may arise "aris[e] under" federal law as defined by 28 U.S.C. § 1331 "when federal law creates the cause of action asserted." *See Gunn v. Minton*, 568 U.S. 251, 257 (2013).

A plaintiff may seek remand to state court if the district court lacks jurisdiction. 28 U.S.C. § 1447(c). On a motion to remand, the removing party bears the burden of establishing that removal is proper. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption in favor of remand and doubts about removability are resolved in favor of remanding the case to state court. *See Guas v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

Federal courts assess whether removal was proper based on the pleadings at the time of removal. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). And a plaintiff's post-removal dismissal of federal claims that served as the basis for removal "does not deprive a federal court of the power to adjudicate the remaining pendent state claims." *See Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980). In other words, "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta*

*Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016). But in the event of such post-removal amendments, federal courts have discretion to grant or deny remand, taking into consideration what "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Carnegie-Mellon Univ.*, 484 U.S. at 357. To this end, "[a] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Id.*

### III. DISCUSSION

In opposition to the motion to remand, Defendants contend that Plaintiffs have engaged in manipulative tactics and forum-shopping because they dropped the federal cause of action the day after Defendants removed this case to federal court. *See* Dkt. No. 29 at 1, 6–13.

But there is nothing inherently nefarious about a plaintiff's post-removal amendment and elimination of federal claims. The Ninth Circuit's decision in *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir. 1985), is instructive on this point. In *Baddie*, the plaintiffs filed a complaint in state court, which included a claim subject to federal law. *Id.* at 489. Weeks after the district court deemed removal proper, the plaintiffs, "apparently quite desperate to avoid federal court," amended their complaint to eliminate federal claims from their suit and sought remand. *Id.* The district court granted plaintiffs' motion to remand, but ordered the plaintiffs to pay defendants' attorney fees in opposing the remand motion, in light of plaintiffs' "manipulative pleading practices." *Id.* On appeal, the Ninth Circuit held that attorney fees were unwarranted, and explained:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of

3

action before filing in state court.

*See id.* at 491.

As was true in *Baddie*, the Plaintiffs here amended their complaint "with all due speed after removal" to eliminate the basis for federal jurisdiction. *See id.*; Dkt. No. 7. They were within their rights to make this tactical decision. *Id.* Moreover, despite Defendants' suggestion otherwise, the Court finds that this case remains in the very early stages of litigation. There is therefore little efficiency gained by this Court retaining jurisdiction over this case, and there is no unfairness to Defendants in remanding it to state court.[1] The Court therefore exercises its discretion to decline jurisdiction under these circumstances.

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** the motion to remand, and **DIRECTS** the Clerk to remand the case to San Francisco Superior Court and close the case. All other pending motions are terminated as moot.

**IT IS SO ORDERED.**

Dated: 11/22/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] To the extent Defendants suggest in the alternative that Plaintiffs' state law claims nevertheless arise under federal law because "federal law defines the liability standards applicable to" some of the claims, Dkt. No. 29 at 10–11, the Court is not persuaded. The Supreme Court has recognized that in "certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). But under *Grable*, a federal court may exercise jurisdiction over a state law claim only if (1) the action necessarily raises a federal issue that is (2) disputed and (3) substantial, and if (4) the Court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Id.* at 314. Here, Defendants have made no effort to explain how this case presents such a substantial federal issue, and the Court concludes it does not.